IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY L. ALLEN,

    **Plaintiff,**

    v.                                CASE NO. 21-3244-SAC

STATE OF KANSAS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed in forma pauperis.  On October 22, 2021, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff until November 15, 2021, in which to show good cause why his Complaint should not be dismissed as barred by the statute of limitations.  This matter is before the Court on Plaintiff's Response (Docs. 4, 5).

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations.  Plaintiff filed his Complaint on October 21, 2021.  Plaintiff's alleged violations occurred around October 2018.  It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred.  *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).  Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.

Plaintiff's response fails to address the deficiencies set forth in the MOSC. Plaintiff continues to argue the merits of his case but fails to address the statute of limitations. He continues to assert claims against the district attorney's office for actions taken in October 2018. (Doc. 4.)

Plaintiff has not shown good cause why his claims should not be dismissed as barred by the statute of limitations. In addition, Plaintiff's claims against the county prosecutors fail on the ground of prosecutorial immunity. Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as barred by the statute of limitations.

**IT IS SO ORDERED**.

**Dated November 16, 2021, in Topeka, Kansas.**

>   <u>S/ Sam A. Crow</u>
>   **SAM A. CROW**
>   **SENIOR U. S. DISTRICT JUDGE**